**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANTONIO SOTELO-MORENO,<br><br>   Plaintiff,<br><br>  v.<br><br>LANDON BIRD,<br><br>   Defendant. | Case No. 20-cv-07077-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; AND STAYING CASE**<br><br>[Re: ECF 13] |

Petitioner Antonio Sotelo-Moreno, who is currently in the custody of the California Department of Corrections and Rehabilitation, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in state court. *See* Am. Pet., ECF 3. Defendant Landon Bird, the warden of Deuel Vocational Institution, has filed a motion to dismiss Mr. Sotelo-Moreno's petition for failure to exhaust state court remedies. *See* Mot., ECF 13. Specifically, Defendant Bird argues that Mr. Sotelo-Moreno's third claim, challenging the trial court's failure to give the jury a self-defense instruction, was not raised in his petition for review to the California Supreme Court. Mot. 3. Mr. Sotelo-Moreno concedes that this claim has not been exhausted and requests that this Court stay this proceeding pending the final review of his unexhausted claim before the California Supreme Court. *See* Opp'n, ECF 14. Defendant Bird did not file a reply. The Court will GRANT Defendant's motion WITH LEAVE to amend and stay this action until twenty-eight (28) days after the state high court's final decision on Mr. Sotelo-Moreno's unexhausted claim.

**I. BACKGROUND**

In 2017, a jury convicted Mr. Sotelo-Moreno of first degree murder (Cal. Penal Code § 187(a)), shooting at an occupied vehicle (Cal. Penal Code § 246), possession of a firearm by a

1  felon (Cal Penal Code § 29800), and three counts of assault with a semi-automatic firearm (Cal.
2  Penal Code § 245(b)), and found related enhancements true. Am. Pet. 9-11. On June 2, 2017, the
3  court sentenced Mr. Sotelo-Moreno to 60 years to life. Am. Pet. 11.

4  On July 12, 2019, the California Court of Appeal remanded the matter to the trial court to
5  exercise discretion to strike or dismiss enhancements imposed under California Penal Code
6  sections 12022.5 and 12022.53 and give petitioner the opportunity to make a record for a future
7  youth offender parole hearing, but otherwise affirmed the judgment in an unpublished opinion. Ex.
8  A, Court of Appeal Opinion, ECF 13. The Supreme Court of California denied review on October
9  9, 2019. Ex. 2, Petition Denial, ECF 13.

10  Mr. Sotelo-Moreno's petition to the California Supreme Court raised two claims: 1) The
11  trial court violated petitioner's federal constitutional rights by failing to deliver cautionary
12  accomplice instructions; and 2) The trial court violated petitioner's federal constitutional rights by
13  failing to modify the instruction that the uncorroborated testimony of any witness is sufficient to
14  prove any fact and the instruction that admonishes jurors not to speculate why others had not been
15  prosecuted. Ex. 1, Petition for Review 12-35, ECF 13. The Order to Show Cause in this case notes
16  that Mr. Sotelo-Moreno's petition raises three claims: 1) The trial court's failure to deliver a
17  cautionary accomplice jury instruction; 2) The trial court's incorrect instructions that the
18  uncorroborated testimony of any witness was sufficient to prove any fact and that admonished
19  jurors not to speculate about why others had not been prosecuted; and 3) The trial court's failure to
20  give the jury a self-defense instruction. Order to Show Cause, ECF 4.

21  **II.    LEGAL STANDARD**

22  A federal habeas petition cannot be granted until a petitioner has exhausted state court
23  remedies for his claims. 28 U.S.C. § 2254(b)(1). In other words, before seeking federal collateral
24  review, a petitioner must first present his claim to the highest court of his state. *See Duncan v.*
25  *Henry*, 513 U.S. 364 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A). "A petitioner has
26  satisfied the exhaustion requirement if (1) he has 'fairly presented' his federal claim to the highest
27  state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains
28  available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). "[A] district

court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

### III. DISCUSSION

Mr. Sotelo-Moreno concedes that his petition contains an unexhausted claim and requests that this Court stay and abey this case while he returns to state court to exhaust the third claim. Opp'n 1. Accordingly, the Court GRANTS Defendant Bird's motion to dismiss. The Court dismisses the petition WITH LEAVE to amend.

As to Mr. Sotelo-Moreno's request that this Court stay these federal proceedings pending the final review of his unexhausted claim before the California Supreme Court, district courts have the authority to issue stays, and The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). However, the district court's discretion to stay a mixed petition of exhausted and unexhausted claims is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* Here, Mr. Sotelo-Moreno argues that this unexhausted claim goes to the heart of the prosecution's case against him, and he argues that he has alleged facts which, if proven, would entitle to him to relief. Opp'n 3. Mr. Sotelo-Moreno further argues that he relied on appellate counsel to raise all appealable issues, and it was his appellate counsel that failed to raise this unexhausted claim. *Id.* The Court finds that Petitioner has not engaged in dilatory tactics and the unexhausted claims is potentially meritorious. Consequently, the Court will stay this action while he exhausts all claims in the state courts.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Defendant Bird's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

3

2. The above-titled action is hereby STAYED until twenty-eight (28) days after the state high court's final decision on Petitioner's unexhausted claim.

3. If Mr. Sotelo-Moreno intends to have this Court consider the unexhausted claim, he must have properly presented it to the Supreme Court of California, and if he has not obtained relief in state court, thereafter notify the Court within twenty-eight (28) days of the California Supreme Court's decision, by an amended petition and a motion to reopen this action, stating therein that all the claims in the federal petition have been exhausted.

4. If he has not already done so, Mr. Sotelo-Moreno must file a state habeas petition within sixty (60) days from the date this order is filed and file notice with this Court that he has done so.

5. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Mr. Sotelo-Moreno informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

Dated: March 2, 2021

_____
BETH LABSON FREEMAN
United States District Judge